**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEREK WASHINGTON** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 22-1022 |
| | : | |
| **LM GENERAL INSURANCE** | : | |
| **COMPANY**, *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                         **April 14, 2022**

A Philadelphian sued his out-of-state insurers in state court for more than $75,000. Congress allows these insurers of diverse citizenship to remove this state court complaint to our Court within thirty days of service. We today address whether a diverse insurer's March 17, 2022 removal is timely. We specifically study whether the insurer's stamp of acceptance by its Massachusetts office on February 14, 2022 on a certified mail receipt is effective service. The insured admittedly out of caution turned around and served the same insurer with the complaint at a Florida address by certified mail; the insurer's agent in Florida signed the mail receipt on February 18, 2022. The insurer then removed based on diverse citizenship on March 17, 2022; twenty-seven days after the signed service in Florida but over thirty days after the stamped acceptance in Massachusetts. The insured now moves to remand arguing the insurer removed after the thirty days because he served the insurer in Massachusetts on February 14 as confirmed by the stamped acceptance. We evaluate service issues under the state law of both Pennsylvania (where the case began) and Massachusetts (where the insurer allegedly stamped the receipt). We find the insurer's stamp on the February 14, 2022 receipt does not constitute acceptance of service in either Commonwealth. The February 18, 2022 signed receipt in Florida effected service. The insurer timely removed on March 17. We deny the insured's motion to remand.

I.  **Background**

Derek Washington sued Liberty Mutual and State Farm Mutual Insurance Company in the Philadelphia County Court of Common Pleas on January 24, 2022 alleging the insurers failed to pay uninsured motorist benefits related to a car accident involving Mr. Washington and a third party.[1] Mr. Washington alleges he properly served Liberty Mutual by Certified Mail Restricted Delivery at its corporate headquarters in Boston on February 14, 2022. The complaint, attached with a "return receipt" postal form card, is addressed to Liberty Mutual, 175 Berkeley St., Boston, MA 02116, "Attn: Legal Dept."[2] In the "Service Type" section of the return receipt card, Mr. Washington checked off: "Adult Signature"; "Certified Mail Restricted Delivery"; "Signature Confirmation"; and "Signature Confirmation Restricted Delivery."[3]

The section to be completed on delivery is marked with a rectangular stamp bearing the notation: "RECEIVED FEB 14, 2022 BOSTON OFFICE 0001."[4] There is no signature on the return receipt card; only the stamp. Mr. Washington provides us with a tracking confirmation from the United States Postal Service confirming delivery at 11:06 am on February 14, 2022 at "PO Box, Boston, MA 02116." The United States Postal Service made delivery to a Post Office Box and not 175 Berkeley St., Boston, MA 02116, Legal Dept. as addressed by Mr. Washington's counsel[5]

Admittedly concerned with a stamped rather than signed receipt, and "out of an abundance of caution due to a looming statute of limitations," Mr. Washington re-served Liberty Mutual on February 18, 2022 at a post office box in Lake Mary, Florida.[6] Liberty Mutual listed a post office box in Lake Mary on the declarations page of its policy with Mr. Washington's mother.[7] Like his earlier mailing, Mr. Washington checked off: "Adult Signature"; "Certified Mail Restricted Delivery"; "Signature Confirmation"; and "Signature Confirmation Restricted Delivery" in the

2

"Service Type" section of the return receipt card.[8] This time, the return receipt card bore a signature and printed name of an individual who accepted delivery on February 18, 2022.[9]

State Farm initially removed Mr. Washington's complaint on March 2, 2022 based on diversity jurisdiction.[10] We ordered State Farm to either stipulate to remand the action or show cause why we should not remand for lack of subject matter jurisdiction.[11] We explained State Farm failed to plead the parties' citizenship and adequately plead the amount in controversy required for our exercise of jurisdiction under section 1332.[12] State Farm did not adequately show cause. We remanded to the Philadelphia County Court of Common Pleas and closed the case on March 9, 2022.[13] Liberty Mutual then removed the underlying action on March 17, 2022 based on diversity jurisdiction.[14] State Farm joined and consented to the removal.[15]

**II.    Analysis**

Mr. Washington now moves to remand arguing Liberty Mutual's removal is untimely as filed more than thirty days after service of the underlying complaint.[16] Mr. Washington contends he properly served Liberty Mutual in Boston on February 14, 2022. Counting thirty days from February 14, 2022, Liberty Mutual must have filed its removal on or before March 16, 2022. Liberty Mutual did not remove until March 17, 2022, making it untimely under 28 U.S.C. § 1441(b).

Liberty Mutual opposes remand.[17] It argues it timely removed on March 17, 2022 because Mr. Washington did not properly serve it until February 18, 2022. Liberty Mutual argues the return receipt card stamped with the February 14, 2022 date is ineffective because there is no signature as required by Pennsylvania Rules of Civil Procedure 403 and 404.

We have subject matter jurisdiction over civil actions between citizens of different states and where the amount in controversy exceeds $75,000.[18] A defendant in a state court action where

there is diversity of citizenship and the threshold amount in controversy may remove the action to federal court in the district where the state court action is pending.[19] A defendant must file a notice of removal within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . . . ."[20] A plaintiff may move to remand arguing the defendant did not remove the action within thirty days of service.[21] An untimely removal is considered a procedural defect, rather than a jurisdictional defect, in the removal process and must be raised in a motion to remand made within thirty days after the filing of a notice of removal.[22]

Liberty Mutual filed its notice of removal on March 17, 2022. Mr. Washington timely moved to remand eight days later, on March 25, 2022. We consider Mr. Washington's timely motion to remand mindful of our Court of Appeals's guidance, "[r]emoval statutes are to be strictly construed, with all doubts to be resolved in favor of remand." [23]

### A. When does the thirty-day removal period begin?

Congress in section 1446(b) requires a notice of removal in a civil action must be filed "within thirty days after receipt of the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."[24] The Supreme Court interprets section 1446(b) to mean "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."[25] Actual or constructive notice is not sufficient to start the thirty-day period under 28 U.S.C. § 1446(b).[26] As a result, the removal period begins to run only when the defendant is properly served or waives service.[27]

We face an interesting twist. State Farm is also a defendant. It removed Mr. Washington's state court complaint in *Washington I* on March 2, 2022, the thirtieth day from its January 31, 2022 service date. Liberty Mutual consented to the removal in *Washington I*.[28] We screened State Farm's notice of removal to ensure our subject matter jurisdiction. We found State Farm failed to adequately plead either the parties' diversity of citizenship or the required amount in controversy to meet its burden of establishing our jurisdiction. We ordered State Farm to either stipulate to a remand or show cause why we should not remand the case to the Philadelphia County Court of Common Pleas for lack of subject matter jurisdiction.[29] State Farm failed to cure the defects in its notice of removal and we remanded the case on March 9, 2022.[30]

With State Farm beyond the thirty-day time period within which it could remove, Liberty Mutual filed its removal in this case on March 17, 2022. State Farm consented to Liberty Mutual's removal.[31] In cases with more than one defendant, all defendants properly joined and served must consent to removal.[32] Each defendant individually has thirty days "after receipt by or service on that defendant of the initial pleading or summons" to file a notice of removal.[33] Where defendants, like here, are served at different times and a later-served defendant – Liberty Mutual – files a notice of removal, any earlier-served defendant – State Farm – may consent to removal even though State Farm "did not previously initiate or consent to removal."[34]

The question here is whether Mr. Washington effected proper service on Liberty Mutual on February 14, 2022 or February 18, 2022. The four day difference is critical because, if Mr. Washington properly served Liberty Mutual on February 14, 2022, its March 17, 2022 notice of removal is untimely by one day. If Mr. Washington properly served Liberty Mutual on February 18, 2022, the notice of removal is timely.

**B. When did Mr. Washington properly serve Liberty Mutual with his complaint?**

Federal Rule of Civil Procedure 4(h) provides the rule for service upon a corporation. Rule 4(h)(1) provides two ways to serve a corporation within a judicial district of the United States: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant."[35]

Rule 4(e)(1) in turn provides service may be made by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction *in the state where the district court is located or where service is made*; . . . . "[36] We must look to the law of Pennsylvania and the law of Massachusetts to determine whether Mr. Washington properly served Liberty Mutual on February 14, 2022. As the party asserting validity of service, Mr. Washington bears the burden of proving proper service.[37]

Liberty Mutual concedes proper service upon it at its Lake Mary, Florida facility on February 18, 2022.[38] It disputes proper service at its principal place of business in Boston, Massachusetts on February 14, 2022 because the return receipt card is not signed; it is only stamped. It argues there is no way of knowing whether whomever stamped the return receipt card in Boston had authority to accept service.[39]

   **1. Mr. Washington's February 14 mailing does not satisfy Pennsylvania service rules.**

Pennsylvania Rule of Civil Procedure 404 provides the rule for service of original process outside the Commonwealth. Service may be made in five ways: (1) by a competent adult under Pennsylvania Rule of Civil Procedure 402(a) providing for hand delivery or acceptance of service;

6

(2) by mail in the manner provided by Rule 403; (3) in the manner provided by the law of the jurisdiction in which service is made for service in an action in any of its courts of general jurisdiction, here Massachusetts; (4) in the manner provided by treaty; or (5) as directed by the foreign authority in response to a letter rogatory or request.[40]

Mr. Washington elected to serve Liberty Mutual by mail in the manner provided by Rule 404(2) permitting service by mail in the manner provided by Rule 403.[41] Rule 403 provides: "If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail."[42] The Official Note to Rule 403 provides: "The United States Postal Service provides for restricted delivery mail, which can only be delivered to the addressee or his authorized agent. Rule 403 has been drafted to accommodate the Postal Service procedures with respect to restricted delivery"[43]

By its plain language, the Pennsylvania Supreme Court in Rule 403 allows service by mail by any form of mail requiring a receipt "signed by the defendant or his authorized agent."[44] There is nothing in the record showing a signature of Liberty Mutual's agent in Boston on the February 14, 2022 return receipt card. Mr. Washington concedes the return receipt card is unsigned.[45] Seemingly concerned with a stamp rather than a signature on the February 14 return receipt card, Mr. Washington's counsel re-served the complaint by certified mail restricted delivery upon Liberty Mutual at its Lake Mary, Florida office on February 18, 2022.[46]

Mr. Washington urges us to accept the February 14, 2022 stamp on the return receipt card as a signature of Liberty Mutual's agent required under Rule 403. He urges our acceptance of a stamp rather than a signature despite:

- the clear language of the Official Note to Rule 403 requiring a receipt "signed by the defendant or his authorized agent";

7

- the return receipt card filled out by Mr. Washington's counsel checking off "adult signature," "signature confirmation," and "signature confirmation restricted delivery" with no such signature received; and

- the return receipt card filled out by Mr. Washington's counsel addressed to "Liberty Mutual 175 Berkeley Street, Boston, MA 02116, Attn. Legal Dept" but with the United States Postal Service tracking history showing deliver to a post office box.[47]

Mr. Washington does not offer authority to support his position a stamped return receipt card constitutes proper service under Rule 403. And the record demonstrates delivery to a post office box, not the address on the return receipt card. Pennsylvania courts and district courts applying Rule 403 require a receipt signed by the defendant or its authorized agent. For example, in *Ghost v. Victory Recovery Service, Inc.*, a plaintiff brought an action against corporate entities and individuals alleging illegal debt collection practices under federal and Pennsylvania law.[48] Plaintiff served one of the individual defendants, a Michigan citizen, by mail under Rule 404(2). Plaintiff attempted to serve process by certified mail, return receipt, restricted delivery to the Michigan defendant at his "usual place of business."[49] Someone signed the return receipt card. Plaintiff contended an authorized agent signed the return receipt card. Defendant moved to dismiss the complaint arguing improper service.

Judge Bartle found improper service. Judge Bartle began by finding "[w]hen the named defendant does not sign a return receipt, the plaintiff must supply some proof that the individual who did so was an authorized agent of the defendant."[50] This holding is consistent with the directive of our Court of Appeals which "has expressly recognized that . . . offering proof that a mail clerk or receptionist signed for the package 'offer[s] no proof that the signatures belong to the defendant's authorized agents.'"[51] Judge Bartle rejected plaintiff's argument an individual who signs a return receipt is an authorized agent, concluding if he were to credit plaintiff's argument

8

"any individual who signs a return receipt would, from the mere fact of signing, be a defendant's authorized agent."[52] Such an argument, reasoned Judge Bartle, "does not comport with the previous decisions of our Court of Appeals and our court, which require more."[53] Judge Bartle concluded because plaintiff failed to come forward with evidence the signature on the return receipt card is an authorized agent of the defendant, service is insufficient and improper and quashed service of process on the Michigan defendant.[54]

Mr. Washington's return receipt card does not bear a signature of service on February 14, making it more tenuous than the facts argued by plaintiff as proper service in *Ghost* and rejected by Judge Bartle. Mr. Washington failed to meet his burden to show the February 14, 2022 service upon Liberty Mutual is proper under the requirements of Pennsylvania Rule of Civil Procedure 403 and 404. There is nothing in the record of delivery by certified mail restricted delivery upon Liberty Mutual or its authorized agent as required by Rule 403. Service on February 14, 2022 is improper and did not start the clock on Liberty Mutual's thirty-day removal period.

### 2. Mr. Washington's February 14 service does not satisfy Massachusetts service rules.

Mr. Washington fares no better under Massachusetts law. His attempted service on February 14, 2022 does not meet the requirements of Massachusetts law. For service upon an out-of-state corporation, Massachusetts requires "service be sent to an individual designated under Massachusetts Rule of Civil Procedure 4(d)(2) to receive service on behalf of the corporation, meaning to 'an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof,' or 'an agent authorized by appointment or by law' to receive it."[55] For corporations doing business in Massachusetts, service may be made by "by delivering a copy of the summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within

the Commonwealth, if any; or by delivering such copies to any other agent authorized by appointment or by law to receive service of process . . . ."[56]

Mr. Washington fails to show effective service under Massachusetts law for the same reasons he fails to meet his burden under Pennsylvania law.

## III. Conclusion

Mr. Washington fails to meet his burden of showing proper service of the complaint upon Liberty Mutual on February 14, 2022. Liberty Mutual concedes service on February 18, 2022 and its removal period began as of that date. It timely filed a notice of removal twenty-seven days later on March 17, 2022. We deny Mr. Washington's motion for remand.

---

[1] ECF Doc. No. 1 at 13 (using the pagination assigned by the CM/ECF docketing system).

[2] ECF Doc. No. 11-7 at 5 (using the pagination assigned by the CM/ECF docketing system).

[3] *Id.*

[4] *Id.*

[5] *See* ECF Doc. No. 11-8 at 2 (using the pagination assigned by the CM/ECF docketing system).

[6] ECF Doc. No. 11, ¶ 6.

[7] ECF Doc. No. 11-9 at 2 (using the pagination assigned by the CM/ECF docketing system).

[8] *Id.* at 6.

[9] *Id.*

[10] *Washington v. LM General Ins. Co., et al.*, No. 22-775 ("*Washington I*"), ECF Doc. No. 1.

[11] *Washington I*, ECF Doc. No. 4.

[12] *Id.*; 28 U.S.C. § 1332.

[13] *Washington I*, ECF Doc. No. 10.

[14] Liberty Mutual properly pleaded the parties' citizenship and amount in controversy to satisfy our jurisdiction under 28 U.S.C. § 1332. ECF Doc. No. 1, ¶¶ 6–8, 11.

[15] ECF Doc. No. 5.

[16] ECF Doc. No. 11.

[17] ECF Doc. No. 14.

[18] 28 U.S.C. § 1332(a)(1).

[19] 28 U.S.C. § 1441.

[20] 28 U.S.C. § 1446(a).

[21] 28 U.S.C. § 1447(c).

[22] *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 614–15 (3d Cir. 2003).

[23] *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

[24] 28 U.S.C. § 1446(b).

[25] *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

[26] *Id.* at 355-56.

[27] *Di Loreto v. Costigan*, 351 F. App'x 747, 751 (3d Cir. 2009) (quoting *Murphy Bros.*, 526 U.S. at 350).

[28] *Washington I*, No. 22-775, ECF Doc. No. 1, ¶ 10.

[29] *Washington I*, ECF Doc. No. 4.

[30] *Washington I*, ECF Doc. No. 10.

[31] ECF Doc. No. 1, ¶ 16.

[32] 28 U.S.C. § 1446(b)(2).

[33] 28 U.S.C. § 1446(b)(2)(B).

[34] 28 U.S.C. § 1446(b)(2)(C).

[35] Fed. R. Civ. P. 4(h)(1)(A), (B).

---

[36] Fed. R. Civ. P. 4(e)(1) (emphasis added).

[37] *Sims v. City of Phila.*, 552 F. App'x 175, 177 (3d Cir. 2014) (quoting *Grand Entm't Grp. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)).

[38] ECF Doc. No. 14 at 5 (using the pagination assigned by the CM/ECF docketing system).

[39] *Id.* at 7.

[40] Pa. R. Civ. P. 404.

[41] ECF Doc. No. 11-7, Affidavit of Service.

[42] Pa. R. Civ. P. 403.

[43] *Id.*

[44] Pa. R. Civ. P. 403.

[45] ECF Doc. No. 11 ¶ 6.

[46] *Id.*

[47] ECF Doc. No. 11-8 at 2.

[48] *Ghost v. Victory Recovery Serv., Inc.*, No. 14-215, 2014 WL 1515700 (E.D. Pa. Apr. 17, 2014).

[49] *Id.* at *2.

[50] *Ghost,* 2014 WL 1515700, at *2 (citing *Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991)).

[51] *Id.* (quoting *Furin v. Reese Teleservices, Inc.*, No. 07-1542, 2008 WL 5068955, at *1 (E.D. Pa. Nov. 24, 2008)).

[52] *Id.*

[53] *Id.* (citing *Lampe*, 952 F.3d at 701).

[54] Numerous cases in this District and our sister district support this finding. In *E&H Conveyors, Inc. v. New Horizons Equity Funding, LLC*, No. 19-2990, 2019 WL 13098890 (E.D. Pa. Oct. 17, 2019), Judge DuBois found a Federal Express receipt attached to an Affidavit of Service bearing a signature of an unidentified person insufficient to prove the signer is an authorized agent of an individual or the corporate defendants, concluding plaintiffs failed to meet their burden of proving proper service. *E&H,* 2019 WL 13098890, at *2. In *McCaffrey v. Windsor at Windermere Ltd.*, No. 17-460, 2017 WL 5483773 (E.D. Pa. Nov. 15, 2017), Judge McHugh concluded plaintiff failed

to meet her burden to show service on a limited partnership because the identity of the person who signed a return receipt card is unclear and plaintiff did not show service of the amended complaint on an authorized agent of the limited partnership. *McCaffrey,* 2017 WL 5483773, at *7. In *Hutton v. KDM Transport, Inc.*, No. 14–3264, 2014 WL 3353237 (E.D. Pa. July 9, 2014), Judge Savage found plaintiffs did not meet their burden of proving the validity of service on an individual defendant employee of the corporate defendant mailed to the employer's principal office address. An individual signed the return card on behalf of the individual defendant employee but, absent plaintiffs' production of evidence the signatory had authority to sign on the defendant's behalf, service is improper. *Hutton*, 2014 WL 3353237, at *3 (collecting cases). In *Fox v. Chipotle Mexican Grill, Inc.*, No. 20-1448, 2021 WL 706757 (W.D. Pa. Feb. 23, 2021), Judge Stickman found plaintiff's service on a corporation's principal place of business in California improper because plaintiff failed to serve by certified mail restricted delivery and because a security guard signed for the mailing. Judge Stickman concluded the plaintiff failed to establish the security guard who signed the mailing is an authorized agent of the corporation. *Fox*, 2021 WL 706757, at *3–5.

[55] *Collins v. Federal Express Corp.*, No. 21-11143, 2021 WL 4822153, at *2 (D. Mass. Oct. 15, 2021). Massachusetts Rule of Civil Procedure 4(d)(2) requires service on a corporation to be made "by delivering a copy of the summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth, if any; or by delivering such copies to any other agent authorized by appointment or by law to receive service of process, provided that any further notice required by law be given. If the person authorized to serve process makes return that after diligent search he can find no person upon whom service can be made, the court may on application of the plaintiff issue an order of notice in the manner and form prescribed by law." Mass. R. Civ. P. 4(d)(2).

[56] *Collins*, 2021 WL 4822153, at *2 n. 4 (quoting Mass. R. Civ. P. 4(d)(2)).